## Case No. 7,842.

### In re KIRKLAND et al.

[12 Am. Law Reg. (U. S.) 300; 6 Am. Law T. Rep. 324.]

District Court, D. Maryland. May, 1873.

SHIPPING—LIENS FOR REPAIRS — REMEDIAL STATUTES —RULES IN ADMIRALTY.

1. Ship carpenters have a lien for repairs made to a domestic vessel which may be enforced by a proceeding in rem.

[Cited in Rodd v. Heartt, 21 Wall. (88 U. S.) 591.]

2. The "rules of practice," of the supreme court in admiralty proceedings, are merely intended to regulate the remedy, and have no relation to the question of jurisdiction.

3. The amendment to the 12th rule, providing that material-men furnishing supplies or repairs may proceed against the ship and freight in rem, is applicable to all suits instituted since May, 1872, for supplies or repairs, no matter whether they were furnished before or since the adoption of the amendment.

4. Remedial statutes which do not impair contracts nor disturb absolute vested rights, may be retroactive in their effect without being unconstitutional.

In admiralty.

J. Stewart and F. J. Brown, for petitioners.

Brown & Brune, contrà.

GILES, District Judge. [The petition is filed in this case by Messrs. Wellend & Buck. ship carpenters of this city, against the assignee in bankruptcy of Kirkland, Chase & Co., claiming payment, as preferred creditors, out of the proceeds of the sales of certain vessels belonging to the said bankrupt estate, for repairs made to said vessels prior to the decree of bankruptcy against said firm. The petition also included a claim for certain repairs made to a foreign vessel, of which the said bankrupt firm was the mortgagee in possession; but as there is no question raised as to the validity of this part of the petitioners' claim, I shall not notice it any further in this opinion.]¹

Three objections have been raised to the relief asked in this case. The first objection is, that it does not appear that the repairs were made on the credit of the vessels. There is no force in this objection. The repairs were originally charged on the books of the petitioners to the different vessels, and one of the firm swears that they were always made on the credit of the respective vessels and on the orders of the master. It is true the ship carpenters subsequently made out a general account against the firm of Kirkland, Chase & Co., including these different repairs; but I am of the opinion that the cases of The Grapeshot and The Guy, 9 Wall. [76 U. S.] 129 and 758, and the cases of The Lulu, Kalorama and Custer, 10 Wall. [77 U. S.] 192 and 204, and The Patapsco, 13 Wall. [80 U. S.] 329, dispose of this objection.

The next point raised by the learned counsel for the defendants is, that these being domestic vessels, there is no lien on them for those repairs which can be enforced by a proceeding in rem in this court. That the supreme court had no constitutional authority to give such a lien on a domestic vessel by its 12th rule. And as, in this state, no such lien existed by the state law, and none was given by the general maritime law, there can be no remedy in rem for such a claim. Now, if this was a question of jurisdiction, I should agree with the learned counsel; for neither congress nor the supreme court, in framing rules by its authority, could enlarge the jurisdiction of the courts of the United States. That jurisdiction must be found in the constitution or it cannot exist. For this principle see the learned opinion of the late chief justice in the case of The Genesee Chief, in 12 How. [53 U. S.] 443. But are not these rules merely rules which regulate the remedy and have no relation to the question of jurisdiction? They have been formed by the supreme court in virtue of the power given by congress to that high tribunal by the act of August 23. 1842 [5 Stat. 516]. They are called by that court "Rules of Practice," &c. And in the case of The St. Lawrence, 1 Black [66 U. S.] 526, that court maintained the validity of these rules as rules regulating the process and practice of the admiralty courts of this country. I think that authority disposes of the second objection.

The third point raised applies to all that part of the repairs made by the petitioners to said vessels prior to the 6th May, 1872. the day on which the supreme court passed the present rule. The order is as follows: "Amendment to the 12th Rule in Admiralty.

---

¹ [From 6 Am. Law T. Rep. 324.]

Ordered, that this rule be amended so as to read as follows: In all suits by material-men for supplies or repairs or other necessaries, the libellant may proceed against the ship and freight in rem or against the master or owner alone in personam." In the original rules framed by the supreme court it was provided that they should only go into operation on the 1st of September, 1845, several months after their adoption by the court. In changing the 12th rule in 1858. it was provided that the new rule was not to be in force until from and after the 1st May, 1859. In the case of The St. Lawrence [supra] the libel in rem had been filed before the change in the rule, and for this cause the court sustained it and decreed in favor of the libellant. As the rule now stands the question is, is it applicable to all suits instituted by material-men for supplies or repairs, no matter when made, or only to cases brought to enforce the payment of claims for supplies, &c., furnished since the passage of the rule? It would appear to me from the language of the rule that it embraces all suits instituted after its adoption. Could not the court do this? Say the court in the case of The St. Lawrence: "Yet congress. may undoubtedly prescribe the forms and mode of proceeding in the judicial tribunals it establishes to carry this power into execution, and may authorize the court to proceed by attachment against the property, or by the arrest of the person, as the legislature shall deem most expedient to promote the purposes of justice." Now these rules, adopted by the court in virtue of the act of 1842, have all the force of a statute. If I am right that these rules only affect the practice and process of the court, then there could be no valid objection in applying said 12th rule to all suits instituted after its adoption. It is said by the supreme court in Sturgis v. Crowninshield, 4 Wheat. [17 U. S.] 122: "The distinction between the obligation of the contract and the remedy given by the legislature to enforce it has been taken at the bar, and exists in the nature of things."

This principle is again recognised by the court in the case of Mason v. Haile, 12 Wheat. [25 U. S.] 370; and in 1 Kent, Comm. 455, that learned jurist says: "A retrospective statute, affecting and changing vested rights, is very generally considered in this country as founded on unconstitutional principles. and consequently inoperative and void. But this doctrine is not understood to apply to remedial statutes, which may be of a retrospective nature, provided they do not impair contracts or disturb absolute vested rights, and go only to confirm rights already existing, and in furtherance of the remedy by curing defects and adding to the means of enforcing existing obligations." This rule is recognised and affirmed by the supreme court in the case of Ross v. Duval, 13 Pet. [38 U. S.] 63. The same principle was asserted and maintained in a very able opinion by the late Judge Martin in the court of appeals of this state in Grinder v. Nelson, 9 Gill, 302. And a similar question arising in the statute of 3 & 4 Vict. c. 65, § 6, has been decided by Dr. Lushington in the high court of admiralty of England. That statute enacted: "That the high court of admiralty shall have jurisdiction to decide all claims whatsoever in the nature of salvage for services rendered to, or damage received by, any ship or sea-going vessel, or in the nature of tonnage, or for necessaries supplied to any foreign ship or sea-going vessel, and to enforce the payment thereof," &c., &c. A protest to the jurisdiction was entered in the case because the supplies were furnished to the vessel prior to the passage of the statute. Dr. Lushington says: "I do not find any expression limiting the jurisdiction of the court to cases occurring subsequent to the period when the act came into operation," and he overruled the protest. The Alexander, 1 W. Rob. Adm. 294. A like decision was made by the same learned judge in the case of The Ironsides, 1 Lush. 458.

I am of the opinion, therefore, that the new rule applies to all libels in rem by material-men filed after the passage of the said rule, whether the repairs were made before or after its passage. I have taken longer time to consider this case than I would otherwise have done, owing to the fact that upon the last point I find myself in opposition to a recent decision of Judge Blatchford, of the Southern district of New York, a judge of whose legal learning and ability I entertain the highest opinion. As the amount involved in this case is large, I hope it may be taken up in appeal, that I may be reviewed by the court above.